**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JP MORGAN CHASE BANK** | § | |
| **NATIONAL ASSOCIATION,** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **3:12-CV-4774-O-BK** |
| | § | |
| **SHEILA COLLINS, et al.,** | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge.  For the reasons that follow, it is recommended that this action be dismissed without prejudice for want of prosecution.

**I. BACKGROUND**

On November 21, 2012, Defendants Sheila Collins and Gregory Collins, proceeding *pro se*, filed their *Notice of Removal* to remove case number JE12-02567H, from Dallas County Justice of the Peace, Precinct 1.  (Doc. 3).  Defendants also submitted a *Motion for Leave to Proceed In Forma Pauperis*.  (Doc. 5).  On December 3, 2012, the Court issued a deficiency order requiring Defendants to file a properly signed *Notice of Removal* and *in forma pauperis* motion along with a copy of the State court docket sheet and State court pleadings.  (Doc. 6).  The deadline for Defendants' response was December 31, 2012.  As of the date of this recommendation, however, Defendants have not responded to the Court's deficiency order, nor have they sought an extension of time to do so.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Defendants have been given ample opportunity to respond to the Court's deficiency order. They have impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution, and that Plaintiff's *Motion for Leave to Proceed In Forma Pauperis* (Doc. 5) be **DENIED**.

SIGNED January 8, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court confirmed telephonically with the Clerk of the Justice of Peace, Precinct No. 1, that on May 11, 2012, a judgment of possession was entered in favor of Plaintiff J.P. Morgan Chase and case number JE12-02567H was dismissed.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3